Todd Bofferding, OSB #88372
Attorney at Law
P.O. Box 539
1215 B St.
Hood River, Oregon 97031
(541) 386-7924

Attorney for Defendant Clifford J. Brigham

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR 06-272-01 BR |
| | ) | |
| vs. | ) | MOTION TO REQUEST COURT |
| | ) | TO AUTHORIZE ISSUANCE OF |
| CLIFFORD J. BRIGHAM, | ) | TWO OUT OF DISTRICT 17(c) |
| | ) | SUBPOENAS DUCES TECUM; |
| Defendant. | ) | MEMORANDUM OF LAW |

COMES NOW Defendant Clifford J. Brigham, by and through his attorney of record, Todd Bofferding, and moves this Court for an Order Authorizing the issuance of two 17(c) subpoenas duces tecum on witness Michael Kelly, Human Resources Manager and custodian of records for First American Title located at 4801 E. Washington Street #108, Phoenix, Arizona, and to produce the employee files of government witnesses Heather Bekish and Julia Ballehr. This Motion is made pursuant to F.R.Cr.P. 12(b)(2), F.R.Cr.P. 17(b),(c),(d),(e)(1), the Due Process Clause of the 5th Amendment to the United States Constitution, the Compulsory Process Clause of the 6th Amendment to the United States Constitution, and related case law as set forth in the below Memorandum of Law.

It is also requested that the Court authorize costs for these subpoenas be paid by

the government, as Defendant is indigent.

## MEMORANDUM OF LAW

### I. FACTS

The Indictment in this case charges Defendant with the following counts: Counts 1-14 Wire Fraud in violation of 18 U.S.C. 1343; Counts 15-20 Mail Fraud in violation of 18 U.S.C. 1341; Counts 21-23 Money Laundering in violation of 18 U.S.C. 1956(i)(A) and 1957; and Count 24 Social Security Fraud in violation of 42 U.S.C. 408(a)(7)(B).

In essence, Counts 1-23 alleges that Defendant in 2004 and 2005, in order to commit fraud, convinced others that he was a mortgage lender, a mortgage broker, a realtor, an investor, and a real estate investment broker. As part of the fraud, Defendant allegedly would locate real properties for sale and people who would be willing to allow Defendant to use their credit scores for a fee so that Defendant could broker the sale of the real property. On most of these deals, Defendant allegedly would assist in the preparation of loan documents, where Defendant would include false verifications employment, false verifications of income histories, false verifications of deposits, and false verifications of assets. In this way, mortgage companies would loan monies to borrowers who would not normally be qualified to receive such loans to buy the properties involved. After a particular borrower purchased and owned multiple pieces of real property, it is alleged that it was a matter of time before the loans ended up in default. The Government became aware of this alleged fraud after one of the borrowers, Mr. Lee, declared bankruptcy.

Heather Bekish and Julia Ballehr are two unindicted criminally involved cooperating government witnesses who testified at the Grand Jury on this matter. Both

witnesses were at one time employed with First American Title, and both according to their Grand Jury transcripts were fired from First American Title. According to the discovery provided in this case, First American Title handled many of the closing documents in the closing of escrow of many of the properties involved in this case. According to the Defendant's defense investigation, the employee files of these two witnesses are available via subpoena duces tecum to be directed to the First American Title Human Resources Manager Michael Kelly whose office is located at 4801 E. Washington Street, Suite 180, Phoenix, Arizona 85034. Mr. Kelly is the custodian of records for these sought after employee files.

Trial is set for August 21, 2007. It is requested that these employee files be produced at a time before the trial at a time to be set by the Court.

## II. ISSUE

SHOULD THIS COURT ISSUE TWO 17(c) OUT OF DISTRICT SUBPOENAS DUCES TECUM FOR THE EMPLOYEE FILES OF GOVERNMENT WITNESSES BEKISH AND BALLEHR?

## III. ARGUMENT

U.S. CONST. Amend. V guarantees the right of the people to not be deprived of life, liberty, or property, without due process of law. U.S. CONST. Amend VI guarantees the right of the people to the compulsory process of subpoena to assist in a trial. In this case, both amendments mentioned above require these sought after 17(c) subpoenas to be issues by this Court so that Defendant may receive a fair trial.

F.R.Cr.P. 17 states:

(b) The court shall order at any time that a subpoena be issued for service on a named witness ... upon a satisfactory showing that the Defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.

      (c) A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein.  The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof the be inspected by the parties and their attorneys.
      (d) (Service) by tendering to that person the fee for one day's attendance and the mileage allowed by law.
      (e)(1) Place of Service, in United States. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the United States.

Defendant requests two subpoenas duces tecum be issued as stated above, with costs to be paid by the government, and a date be set for the production of the requested employee files at a time before the trial and on a date to be set by the Court.

*Bowman Dairy Company v. United States*, 341 U.S. 214, 219 to 220 (1951) held that Rule 17(c) provides a defendant with an opportunity to obtain evidentiary material by subpoena, and that the material subpoenaed need not actually be used in evidence, but the court may issue a subpoena upon a party's good faith effort to obtain evidence. *United States v. Jenkins*, 895 F.Supp. 1389, 1395 (D. Haw., 1995) held that Rule 17(c) implements the Sixth Amendment guarantee that an accused enjoy the right to compulsory process to secure favorable evidence.  In this case, Defendant requests the information sought to determine if that information should be used by the defense at trial.

*United States v. Nixon*, 418 U.S. 683, 700  (1974) held that in order to compel production of materials with a subpoena duces tecum for purposes of trial preparation, the defendant must clear three hurdles: (1) relevancy, (2) admissibility, and (3) specificity. Further, a subpoena properly commands production of materials where the total circumstances permit a rational inference that at least a portion of the materials relate to the charged offenses.  In this case, the requested employee files of government witnesses Bekish and Ballehr are relevant in that First American Title was used as the title

company of many of the houses listed in the Indictment, and the fact that both witnesses were fired from First American Title reveals that these witnesses may have been untruthful in any number of possibilities in carrying out their employment duties with First American Title. The information contained in these files likely contain evidence of character and bad act evidence, as well as providing the defense with impeachment evidence, evidence of non-truthfulness either as a specific instance or as opinion and/or reputation evidence, bias evidence, and motive evidence to testify against Defendant in the trial. All this evidence would be admissible on these mentioned grounds and the materials needed are specific. Further, First American Title will only submit these files by a subpoena. This motion is made in good faith and it is not a mere fishing expedition.

*Thor v. United States*, 574 F.2d 215 (5th Cir. 1978) held that because there is a nationwide service of process in federal criminal cases, counsel for an indigent criminal defendant may upon an appropriate showing, serve a subpoena on a witness located outside the district of prosecution. Here, the prosecution is in the District of Oregon, and the information sought is in the District of Arizona. It is proper for this court to issue the requested 17(c ) subpoenas duces tecum.

## IV. CONCLUSION

In order for Defendant to receive a fair trial, the 17(c ) subpoenas duces tecum must be issued for the First American Title employee files of witnesses Bekish and Ballehr.

Dated this 4th day of May, 2007.

s/ *TBoff*
_____
Todd Bofferding, OSB #88372
Attorney for Defendant Brigham